128

WADSWORTH CRESSE, Sr., AND MAYME R. L. CRESSE, PLAINTIFFS-RESPONDENTS, v. JOHN E. NUNEVILLE, Sr., AND LAURA D. NUNEVILLE, DEFENDANTS-APPELLANTS.

Argued February 14, 1950—Decided March 6, 1950.

Mr. *Carl Kisselman* argued the cause for respondents (*Mr. Wadsworth Cresse, Jr.,* attorney).

Mr. *Daniel W. Beckley* argued the cause for appellants.

The opinion of the court was delivered by

CASE, J. ▮ The action is in ejectment. It is really a controversy over the location of boundary lines between the properties of the respective parties. It was tried in the Superior Court, Law Division, Gloucester County, before the court without a jury. The findings therefore take on the aspect of a jury verdict.

The complaint sets up a description of the plaintiffs' lands as "Beginning at a double maple stump and stone and an iron pipe," and it is alleged that the point is common to all deeds to plaintiffs' and defendants' land and to that of their respective predecessors in title. The finding was that "the plaintiffs are entitled to possession of the lands described in the complaint filed;" and the judgment entered thereon in awarding possession to the plaintiffs uses the precise description set up in the complaint. An examination of the proofs discloses that at present there is no double maple stump or stone or iron pipe called for as marking the beginning point. The location of the beginning point which they were named as marking is in sharp dispute and is not otherwise fixed by

either the finding or the judgment. The remainder of the description is of such a nature that the reversal of the directions, that is, beginning at the end and working backward, also runs into uncertainties which the award does not settle. Thus, the findings and the judgment lack the detail by which the points called for in the description may be located on the ground.

The lack of definition of the division line is also magnified by a further provision in the judgment as follows:

"Further Ordered that in the event that a judicially approved survey of courses No. 1 and No. 2 of the foregoing description shows that said courses run through any part of Defendants' dwelling house, said courses shall be adjusted to exclude said house."

An inference fairly to be drawn therefrom is that it is not known where the true line runs, wherefore the direction that if it should be found to run through the dwelling house of the defendants the courses shall be adjusted to exclude the house. The house only, or the grounds as well, with outbuildings, exits and entrances? The provision appears to leave to those who may be called upon by plaintiffs to run the line to determine, not where the boundary line is, but where it ought to be.

It is clear that our statute, R. S. 2:51-42, anticipates that the verdict shall state the determination with such particularity as will give practical specification to the award. The judgment, the purpose of which is to give effect to the verdict, is, subject to the giving of statutory notice of the pending of the action, made conclusive as to the right of possession and the title to the premises upon the party against whom it is given and all persons claiming through him by title arising after commencement of the action. R. S. 2:51-45, as amended by Chapter 373, section 33, P. L. 1948. Because of that far-reaching effect and to accomplish enforcement the judgment must be of such a character as to permit of its execution by a writ of possession.

"It is enough if (the) verdict finds in express terms that the plaintiff is entitled to the possession of the land sued for,

describing it with convenient certainty and finding the quantity of the plaintiff's estate therein. But this much is essential, and a verdict lacking any of these requisites is insufficient." *Warvelle on Ejectment,* § 474, *p.* 532. "A judgment in ejectment should specifically describe the land recovered in the action as well as the particular estate therein to which the plaintiff is entitled; * * *. Such description should be certain in itself, but this requirement is met if it is sufficient to enable the sheriff to execute the judgment without examining records. It has been held that it is sufficient if the judgment refers to the description in the pleadings, but if this description is vague or indefinite, or if the land is incorrectly described in the declaration, such reference will be insufficient. In every event the judgment must be of such a character as to permit of its execution by a writ of possession. Indeed, this latter statement seems to be the test of sufficiency." *Id.,* § 483, *p.* 540.

"The premises should be so described * * * that the record of the recovery may enable the plaintiff to point out to the sheriff, who serves the writ of possession, the land recovered, and that the record may furnish evidence of the limits to which the title is established by the judgment." *Davis v. Judge,* 44 *Vt.* 500 (1872).

█ It is necessary, where the location of a line is uncertain, to show what the finder of the fact determined as to the disputed line so that it may be found and located on the land.

█ We do not understand the significance of the words "judicially approved survey" contained in the judgment. The judgment purports to be and is a final judgment. It is, within the application of the statute, conclusive. It represents the action of the court as such and it reflects the equivalent of a jury verdict. Any attempt at future supplementation would be subject to consequent limitation. At the best, the phrase in its present setting is indefinite and adds to the uncertainty of the judgment. The like may be said of the direction that "jurisdiction is retained to enter such further order as may be required on the application of either party upon due notice to the other." Either these provisions say

too much or they say too little. As now phrased they should be stricken.

A point raised on appellant's brief regarding visitation of the premises was abandoned at the oral argument.

The judgment will be reversed and the record remanded for such further disposition as is not inconsistent with this opinion.

*For reversal*—Chief Justice VANDERBILT, and Justices CASE, HEHER, WACHENFELD and BURLING—5.

*For affirmance*—None.